UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERICA VEGA o/b/o F.L.S.V.,

                   Plaintiff,

      - against -

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                   Defendant.

OPINION AND ORDER

15 –CV-7158 (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

On September 9, 2015, Plaintiff Erica Vega ("Vega") commenced this action, on behalf of her son, under the Social Security Act (the "Act"), 42 U.S.C. § 405(g) and/or U.S.C. § 1383(c)(3). (Plaintiff's Complaint ("Pl. Compl.") at 1.) Vega challenges the Defendant, Commissioner of Social Security's ("the Commissioner"), decision to deny her claim for supplemental security income ("SSI").

Before the Court is the Commissioner's motion to dismiss. The Commissioner seeks to dismiss Vega's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. (Defendants' Memorandum of Law in Support ("Def. Mem.") at 1.) The Commissioner argues that Vega's commencement of this action was untimely, and that she does not satisfy the standard for equitable tolling. (Defendants' Reply Memorandum of Law in Further Support ("Def. Reply Mem.") at 2-4.) For the reasons that follow, the Commissioner's motion to dismiss is **GRANTED.**

## II. BACKGROUND

On August 29, 2012, Vega filed an application for SSI, on behalf of her son who was under the age of 18. (Pl. Compl. at 12.) Vega claimed a disability onset from August 3, 2005. (*Id.*) Her application was denied on November 29, 2012. (*Id.*) Vega requested a hearing on December 31, 2012. (*Id.*) The hearing took place on April 11, 2014, where Vega appeared with her son before an Administrative Law Judge. (*Id.*) On May 23, 2014, the ALJ held that Vega's son was not disabled. (*Id.* at 9.)

Vega sought review of the ALJ's decision by the Appeals Council on May 23, 2014. (*Id.* at 4.) On June 15, 2015, the Appeals Council sent a notice denying her request for review. (*Id.* at 4-6.) She received the notice on June 20, 2015. (*Id.*) The notice stated that a complaint to seek review of the Commissioner's final decision must be filed within sixty days of receipt. (*Id.* at 5-6.) The notice informed Vega that she may request extra time to file, and that such a request must be in writing and provide good reasoning for an extension. (*Id.*) Vega submitted her Complaint on September 9, 2015. (*Id.* at 2-3.) She did not request an extension previous to her filing.

## III. DISCUSSION

Judicial review of Social Security claims is solely limited to relief under Section 205(g) of the Social Security Act, which states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g); *see also Wong v. Bowen,* 854 F.2d 630, 631 (2d Cir. 1988) (per curiam).

The receipt of notice is presumed to be five days after the date of the notice, except if reasonable

showing is given to the contrary. 20 C.F.R. 422.210(c). The sixty-day period serves as a waiver of the government's sovereign immunity and therefore must be strictly constructed. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986) (citing *Block v. North Dakota,* 461 U.S. 273, 287 (1983) ("[W]hen Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied"). The statute of limitations serves to hinder "repetitive or belated litigation of stale eligibility claims." *Califano v. Sanders*, 430 U.S. 99, 108 (1977).

The sixty day statute of limitations under Section 205(g) is subject to equitable tolling, *Bowen,* 476 U.S at 480. To benefit from equitable tolling, a plaintiff must demonstrate extraordinary circumstances and due diligence. *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005). Equitable tolling may be justified when the government's conduct has hindered a claimant from pursuing his rights. *Bowen*, 476 U.S. at 481. Equitable tolling may also be permitted when the claimant alleges a mental impairment hindered them from properly seeking review. *Canales v. Sullivan,* 936 F.2d 755, 758–59 (2d Cir.1991).

The Appeals Council's notice denying review of Vega's claim was issued on June 15, 2015. Vega received the notice on June 20, 2015. She filed her complaint on September 9, 2015, eighty-one days after the notice was received, and twenty-one days following the sixty-day limitations period.

Vega has not demonstrated extraordinary circumstances or due diligence to warrant equitable tolling. She proffers no explanation for her late filing. Nor did Vega request further time as permitted by 42 U.S.C. § 405(g) and as explained in the notice. *See Borrero* v. *Colvin*, No. 14-CV-5304, 2015 WL 1262276, at *6 (S.D.N.Y. Mar. 19, 2015) (finding that the plaintiff's filing was untimely because he did not request more time and did not provide reasons for the

delay); *see also Rodriguez ex rel. J.J.T. v. Astrue*, 2012 WL 292382, at *2 (finding no record of due diligence or extraordinary circumstances); *Cole-Hill ex rel. T.W. v. Colvin*, 110 F. Supp. 3d 480, 484 (W.D.N.Y. 2015) (dismissing the plaintiff's claim, brought on the behalf of her granddaughter, because she did not request an extension and did not give reasons for her late filing). Vega does not allege a mental impairment or action by the government that would have hindered her from filing. Vega's complaint is therefore untimely.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's motion to dismiss is **GRANTED**. The clerk of court is directed to close the case.

So ordered this 2nd day of September 2016.
New York, New York

_____
The Honorable Ronald L. Ellis
United States Magistrate Judge

Copies of this Opinion and Order were sent to:
**Erica Vega**
2380 Creston Avenue
Apt. 5A
Bronx, NY 10468-6775
PRO SE

4